HAMITER, Justice.
The Louisiana Public Service Commission and its members (all defendants in this cause) are appealing from a judgment which granted to the Chicago, Rock Island and Pacific Railroad Company (a plaintiff) authority to discontinue the operation of its passenger trains Nos. 31 and 32 between Junction City, Louisiana, and Winnfield Louisiana, and which further authorized the Rock Island Motor Transit Company (a subsidiary of the railroad company and a co-plaintiff to operate a common carrier motor service between those cities for transporting certain designated commodities.
Prior to 1952 the railroad company operated passenger trains Nos. 31 and 32 between Little Rock, Arkansas, and Winn-field, Louisiana. In that year it applied simultaneously to both the Louisiana and the Arkansas Public Service Commissions for permission to discontinue the trains within their respective jurisdictions, the reasons assigned therefor being that the operation was conducted at a great financial loss and there was no public necessity for it. At the same time the subsidiary transit company filed with the same Commissions applications for authority to operate motor vehicles to accommodate the public (then served by the trains) in the transportation of articles shipped by express, and of baggage, newspapers, cream, milk, and empty cream and milk containers.
Following a joint hearing held by the two Commissions the Arkansas agency authorized discontinuance of the trains, and it permitted the establishment of the motor transit route, within its jurisdiction. The Louisiana Commission, on the same day, denied both requests. Thereupon, the railroad company discontinued its passenger trains from Little Rock, Arkansas, to Junction City, Louisiana; however it continued the service from the latter city to Winn-field (a distance of eighty-two miles).
On a rehearing the Louisiana Commission further considered plaintiffs’ applications and again denied them. This suit followed, it resulting in the district court judgment (here complained of) which set aside the ruling of the Louisiana Commission and granted the relief sought by these plaintiffs.
In Texas and New Orleans Railroad Company v. Louisiana Public Service Commission, 233 La. 787, 98 So.2d 189, recently decided by this court, we announced certain principles of law applicable to cases of this nature and pointed out the considerations on which permits to discontinue train service should be granted or rejected. Among these were the following: “ * * * it is well settled that the orders of the Public Service Commission, like those of other administrative bodies acting under a delegation of discretionary authority, should be accorded great weight and will not be overturned by the courts in the absence of a clear showing of abuse of power. * * * ” Illinois Central R. Co. v. Louisiana Public Service Commission, 224 La. 279, 69 So.2d 43, 47. “A board or commission in deciding what train service shall be provided by a railroad must be guided in its determination by the public convenience and necessity in relation to such service; and where it is sought to discontinue certain service the controlling criteria are the character and population of the territory served, public patronage or lack thereof, the remaining *473 transportation facilities, the expense of operation as compared with revenue therefrom, and the financial condition of the railroad as a whole.” 74 C.J.S. Railroads § 418(3). See also Texas and Pacific Railway Company v. Railroad Commission of Louisiana, 127 La. 387, 53 So. 660; Yazoo & M. V. R. Co. v. Railroad Commission of Louisiana, 130 La. 1012, 58 So. 862 and Vicksburg, S. & P. R. Co. v. Railroad Commission of Louisiana, 132 La. 193, 61 So. 199.
Recognizing the applicability of these pronouncements to the instant cause appellants urge that the district court erred in (1) failing to give proper consideration to public need, demand and necessity in passing upon the order of the Public Service Commission, (2) failing to appraise the railroad company’s loss from a realistic standpoint and (3) evaluating the financial loss entailed in operating trains Nos. 31 and 32 (these alleged errors are virtually the same as those unsuccessfully urged in the above mentioned Texas and New Orleans Railroad Company case). Our careful examination of the record reveals no such errors. In fact, the evidence adduced amply supports the findings and conclusions of the trial judge; and, considered in the light of the above announced principles of law, it fully warrants the judge’s ultimate holding. From his written reasons for judgment we quote with approval the following: “A review of the evidence in this case reveals that the Railroad Company has operated these two trains at a considerable out-of-pocket expense since the year 1950 and, though they have exerted all efforts to economize in the operation of the trains, there is no other method by which more economical operation of the trains can be accomplished and, furthermore, there is no reasonable hope of increased patronage of the trains for passenger use and, on the contrary, because of the fact that paved highways parallel the line of the railroad and the general public has now become accustomed to traveling the short distance covered by this route in their own private vehicles or buses, there is definitely a prognosis that the patronage of the trains operated on this route will even further diminish.
“Following the discontinuance of the trains from Little Rock to Junction City, in accordance with the order of the Arkansas Commission, the evidence reveals that the average patronage per train-mile on the run from Winnfield to Junction City was 2.1 passengers. The evidence further reveals that the average passenger revenue per day for the eighty-two mile run is $8.12 while the average daily wage expense alone is $60.88. The evidence further shows that the train lost $1,740.24 during the two months of January and February 1955, or on the basis of $10,441.44 a year out-of-pocket expense, even crediting the operation with all passenger, mail, express and miscellaneous revenues. Though it is not relevant to the issue in the determination of the question now before the Court, the contract for the transporting of the mail on this route has been discontinued and therefore the Railroad Company has to operate the trains without such revenue.
“Witnesses were produced for the purpose of protesting the discontinuance of the two trains and, in my opinion, their testimony serves only to emphasize that for sentimental reasons the operation of these two trains should be continued.
“Inasmuch as a review of the evidence shows beyond any question of a doubt that public necessity does not require the operation of the trains and public convenience will not be substantially affected by their discontinuance, it is my opinion that the action of the Public Service Commission in refusing to grant the permit to discontinue the operation of the two trains is erroneous.”
For the reasons assigned the judgment appealed from is affirmed.